Spear, J.
The question arising upon the record is this: Is the personal property in the possession of an assignee for the benefit of creditors of a manufacturing corporation, which estate is not being reduced to money for distribution among the creditors of the corporation, but is being held and operated under the orders of the insolvency court at the joint request of the creditors and the assignee, as a going business, such business being conducted as it had been theretofore by the corporation itself, subject to taxation, and is it the duty of the assignee to list such property for taxation?
From a consideration of section 2 of article 12 of the constitution, respecting taxation, and of sections 2731, 2732 and 2734, Revised Statutes, relating to the same subjects it is manifest that property thus in possession of the assignee is subject to taxation, and that it is his duty to list it for taxation, unless the same is exempt by direct provisions of law or by fair inference from all the legislation bearing on the subject. It was the opinion of the insolvency court and of the circuit court, and is urged in argument by counsel for defendant in error, that it should be held to be exempt, and that the case is ruled in favor of the assignee by the case of McNeill, Assignee, v. Hagerty, Auditor, 51 Ohio St., 255. We are of opinion that the property is not exempt and that the case, at bar is so clearly distinguishable from the ease cited, that its *339 decision is not controlled by that case. That action was an application for an injunction to prevent the auditor from enforcing against the assignee' a claim for taxes based upon a return made by the assignee under threat to take legal steps against him for failing to make return, and looking to an attempt at distraint in case the taxes were not paid. It appeared that the entire assets in the hands of the assignee were collectible notes for property sold by him and cash on hand, amounting in all to $25,910.90; that the debts of the assignor aggregated $65,000; that there could be paid creditors a dividend of between thirty and thirty-five per cent, only, and that the assets awaited an order of distribution to creditors. The assignee’s claim was that the assets were in his hands as an officer of the probate court, subject to an order of distribution so soon as the same could be made, and that the beneficial interest in the property thus held was in the creditors, and that to the extent of the value of- the claims of the creditors against the assignor such claims were, under the law, required to be returned for taxation by the creditors, and not by the assignee, and hence an injunction should be allowed against the auditor. This claim was sustained by the trial court and by this court. That the condition in the present case is an essentially different one, recurrence to the facts heretofore recited will abundantly show. There the indebtedness largely exceeded the value of the assets, and the assignee was proceeding strictly under section 6346, Revised Statutes, and following, to. reduce the assigned property to money and close out the estate by a distribution of the proceds among the creditors. He had sold all the property and held only its avails; he was neither holding the property of *340 the assignor, or any of it, nor operating the business. Here the appraised value of the property exceeds the indebtedness. The assignee is not selling, and has not attempted to sell, any oíf the assigned property, but is proceeding under section 6350h, to operate the plant. That section gives authority to the court, upon the written application of three-fourths in number and amount of the creditors and upon being satisfied that it Avill be for the advantage of the creditors, to order the assignee to continue to carry on the business of the assignor, and, with the approval of all concerned, he has been, under the court’s order, thus conducting a beer manufacturing plant for six years and over. It has been a sort of partnership affair. The corporation having ceased to do business because insolvent, and the property thus being held in trust for the benefit of creditors, they — the cestuis que trustent — have, in effect, invested the property in a scheme to continue the business, and the assignee has advanced his own personal funds in the venture. Large and valuable additions have been made to the plant, its productive capacity greatly increased, its volume of yearly business more than doubled, much of the original indebtedness discharged, and the business transformed from a losing affair to a prosperous one, with a fair promise of finally discharging all debts and leaving to the corporation a surplus. Thus the business has been conducted like any other business of similar character and has proved a source of profit apparently to all concerned, and yet has yielded to the state no taxes during all these years. A controlling distinction between the case cited and the present case at bar is that in the former the assigned property had been sold and the estate was, in substance as well as form, being settled in the probate *341 court, while in this case the assigned property is being held and operated in the management of a manufacturing business, and the estate is thus being continued as before, but is not being settled. Hence, the rule of law applied to the McNeill case has not application to the present case.
In substance, and in all essential particulars, the position of the assignee in this case is much like that of a receiver. He is clothed with the legal title to the property of which he has possession (which cannot be said as to a receiver), but in no other particular is there any real difference. He has held, and is holding, the property, not for the purpose of sale and distribution, but for the purpose of operating the same for profit. Indeed the very order which directs him to operate in effect forbids him to. sell. It may be conceded that in form, and from the strict legal standpoint, the estate is in the court of insolvency for settlement, but in reality it is not being settled, but, on the other hand, the arrangement amounts to an investment of the creditors’ money in the management of a going concern. There is no present effort nor purpose to sell, but simply a purpose to hold and operate. As a receiver, if directed by the court, manages the property in the interest of creditors, so this assignee manages under the Order of the court for the benefit of creditors; and as a receiver, where all debts and expenses have been paid, may be ordered by the court to turn over the remaining property to the original debtor, so may the assignee in case all of the debts of this corporation, including the expenses of the trust, are satisfied, be required to reconvey the remaining property to the assignor. Each is equally an officer of the court and bound to carry out its behests. As a general rule.it may be stated that there *342 is no sound principle upon which the property of a person or corporation in the hands of a receiver to be managed for the interests of those concerned, can be regarded as exempt from the burden of taxation; and this principle is distinctly recognized in our statute, by the requirement of section 2734, defining by whom property shall be listed for taxation: “Of corporations whose assets are in the hands of receivers, by such receivers.” In spirit this requirement applies to the case at bar.
Our conclusion is that the property in the hands of the defendant in error, as assignee, is subject to taxation, and that it is the duty of such assignee to list it for that purpose.
The judgment of the circuit court will be reversed and that of the common pleas affirmed.

Reversed.

Minshall, C. J., and Williams, Burket, Davis, and Shauck,'JJ., concur.